

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00422-CR

Carl **RANDLE** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR4661A
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:       Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  September 23, 2015

APPEAL DISMISSED

Pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of "AGGRAVATED ROBBERY (REPEATER)." The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* R. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

This court gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal were made part of the appellate record on or before September 11, 2015. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (mem. op., not designated for publication). Appellant did not respond or cause an amended certification to be filed in this court. Accordingly, after reviewing the record we hold appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish